IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>LEGENDS, INC., et al.,<br>Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO. 12-1536 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                  December ___, 2012

### I. Introduction

Plaintiff First Mercury Insurance Company ("Plaintiff") brought this declaratory judgment action (the "Federal Action"), pursuant to 28 U.S.C. § 2201, in order to determine the applicability of certain coverage exceptions in a policy it issued to Defendant Legends, Inc. ("Legends"). Defendants Legends and Jobin J. Granstrom ("Granstrom") (collectively, "Moving Defendants[1]") filed a Motion to Dismiss (ECF 9) (the "Motion"), arguing that the Court should decline to exercise its discretionary jurisdiction over this case, because the same issues are also being litigated in a Pennsylvania state court action (the "State Action"), and the Third Circuit's ruling in State Auto. Ins. Cos. v. Summy, 234 F.3d 131 (3d Cir. 2000), mandates that the state forum decide them. For the reasons that follow, the Court will GRANT the Motion and exercise its discretion to decline jurisdiction over the Federal Action.

### II. Background

#### A. Factual and Procedural Background

---

[1] Only Defendants Legends and Granstrom participated in prosecuting the Motion. The remaining five Defendants have not filed any papers related to the Motion and were not represented at the oral argument held on September 19, 2012.

Plaintiff issued an insurance policy to Legends that covered, among other things, various potential liabilities related to Legends's owning and operating a bar/restaurant (the "Policy"). The Policy contains a choice of law clause selecting Illinois law, as well as a non-exclusive forum selection clause that gives Plaintiff the option to litigate in Illinois.

During the effective period of the Policy, Granstrom, a Legends employee, allegedly roughed up and gruffly ejected from Legends's bar a man named Jordan Seyler ("Seyler"). Seyler, allegedly injured by Granstrom's manhandling, brought suit in the Pennsylvania Court of Common Pleas, Berks County against, among others, Legends and Granstrom, claiming that Granstrom was acting in his capacity as a Legends employee at the time he allegedly attacked Seyler (the "Underlying Action").

Sometime before July 12, 2011, Legends requested that pursuant to the Policy, Plaintiff pay Legends's and Granstrom's defense costs and indemnify them for any liabilities resulting from the Underlying Action. By letter dated July 12, 2011, Plaintiff rejected Legends's request, stating that the nature of Seyler's claims triggered certain coverage exceptions in the Policy that relieved Plaintiff of any defense and indemnification obligations.

Plaintiff filed this Federal Action on March 27, 2012 claiming that certain coverage exceptions relieve it of any obligation to defend or indemnify Defendants in the Underlying Action. Moving Defendants filed their Answer (ECF 5) on May 18, 2012, asserting numerous affirmative defenses.

Moving Defendants filed the instant Motion to Dismiss on July 11, 2012 (ECF 9). Plaintiff responded on July 30, 2012 (ECF 21). The Court held oral argument on September 19, 2012. At oral argument counsel suggested that the Underlying Action was still pending in the Berks County Court of Common Pleas. However, exhibits to the briefs established that the

Underlying Action had been dismissed without prejudice on January 13, 2012. By Order dated October 4, 2012 (ECF 37) this Court requested counsel to verify the status of the Underlying Action. Counsel submitted letters on October 16, 2012 and October 18, 2012 confirming that the Underlying Action had been dismissed without prejudice.

Filings in this case also revealed that after Plaintiff filed the Federal Action in this Court, Moving Defendants filed a separate suit in the Berks County Court of Common Pleas for a declaratory judgment seeking coverage from Plaintiff.

**III.     The Declaratory Judgment Act**

The Declaratory Judgment Act grants federal district courts jurisdiction "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a). The Act is somewhat unique, however, in that district courts have discretion whether to exercise that jurisdiction. Id. (providing that a court "may" declare such rights and legal relationships); Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942); Summy, 234 F.3d 131, 133 (3d Cir. 2000) ("The [Supreme] Court [in Brillhart] emphasized that the jurisdiction conferred by the Act was discretionary, and district courts were under no compulsion to exercise it." (citation omitted)). The Supreme Court has explained the rationale behind the grant of discretionary jurisdiction:

> "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

3

Summy, 234 F.3d at 133 (quoting Brillhart, 316 U.S. at 495).

The Supreme Court and the Third Circuit have delineated the factors district courts should weigh in deciding whether or not to exercise jurisdiction in such cases. A critical inquiry is "whether the questions in controversy between the parties to the federal suit, and which [were] not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Summy, 234 F.3d at 133 (quoting Brillhart, 316 U.S. at 495). The Third Circuit has expounded three specific considerations for declaratory judgment actions regarding insurance coverage disputes:

1. A general policy of restraint when the same issues are pending in a state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;

3. Promotion of judicial efficiency by avoiding duplicative and piecemeal litigation.

Summy, 234 F.3d at 134-35. When applying these factors, it is "irrelevant [whether] the state [action] . . . was filed after its [federal] counterpart." Id. at 136.

The Third Circuit also cautioned district courts to "give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id. at 135. Accordingly, "[i]n order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters." Id. at 136. "This is especially important in insurance coverage cases . . . ." Id. at 135. District courts should also be hesitant to entertain actions for declaratory judgments when the law of the state is well settled: "[w]hen the state law is firmly established, there would seem to be

4

even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare." Id.

## IV. Discussion

### A. Application of Summy

Moving Defendants argue that Summy mandates dismissal of the Federal Action. In doing so, they direct this Court to two recent Eastern District of Pennsylvania cases to support their position: Allstate Ins. Co. v. Manilla, Civil Action No. 11-5102, 2012 WL 1392559 (Apr. 20, 2012) (Baylson, J.) (dismissing, pursuant to Summy, Allstate Insurance Company's action for declaratory relief), and another from Judge Gardner, First Mercury Ins. Co. v. Legends, Inc. [First Mercury I], Civil Action No. 11-cv-7097 (ECF 24) (June 7, 2012) (citing Summy and Manilla when dismissing Plaintiff's action for declaratory relief against, among others, Defendant Legends regarding the same issues presented in the Federal Action, i.e., the applicability of the Policy's coverage exceptions).

In Summy, an underlying tort action and declaratory judgment suit were pending in a court of the state of the governing law, and a parallel declaratory judgment suit was pending in federal district court. The declaratory judgment suits involved unsettled questions of state insurance law. The Third Circuit held that the district court failed to exercise sound discretion in maintaining jurisdiction, because sustaining parallel federal and state actions did not promote judicial efficiency and, in the absence of any federal question presented by the case, resulted in the kind of "vexatious and gratuitous interference with state court litigation" Brillhart condemned. Summy, 234 F.3d at 135-36 (quotations omitted).

Essential to Summy's understanding of the implications of parallel federal and state actions is a concern with avoiding "giv[ing] short shrift" to the "state's interest in resolving its own

5

law" because one or both of the parties "perceive some advantage in the federal forum." Id. at 136. In other words, when Summy held that a federal declaratory judgment suit should have been dismissed in favor of a state declaratory judgment suit, it did do based largely on the eminently reasonable principle that states' laws are more appropriately determined by their respective courts than by district courts with overlapping jurisdiction. Summy, 234 F.3d at 135.

The principal difference between this case and Summy is that in this case, Illinois law applies and the parallel State Action is pending in a Pennsylvania state court. The Court is not aware of any decision in the Third Circuit addressing how Summy's policy of favoring state court resolution of state law issues should be viewed when the state court would be applying out-of-state law.[2] E.g., O'Neill v. Geico Ins. Co., 2012 WL 401116 (E.D. Pa. Feb 8, 2012) (court did not address that remanding case would result in Delaware court applying Pennsylvania law).

Returning to Manilla and First Mercury I, the Court notes that Manilla was, at bottom, Summy redux – i.e., the state action was pending in a court of the state of the governing law – and, therefore, provides no guidance regarding Summy's applicability to this case. The court in First Mercury I recognized that out-of-state law governed, but did not find that this counseled in favor of maintaining federal jurisdiction, because state and federal courts are equally competent to apply out-of-state law. First Mercury I did not, however, address Summy's reliance on the principle that states' laws should be determined by their respective courts.

This Court concurs with First Mercury I's adherence to Summy, because the Court does not see application of out-of-state law as a significant reason to distinguish it. State and federal

---

[2] The Court notes that in Atlantic Mut. Ins. Co. v. Gula, the Third Circuit affirmed a district court's dismissal of a petition for declaratory judgment where Pennsylvania state law controlled and the state actions were pending in Delaware state court. 84 F. App'x 173, 174 (3d Cir. 2003) (citing Summy).

courts being equally competent to apply out-of-state law, its application neither bears on the critical inquiry of "whether the [dispute] . . . can better be settled in the proceeding pending in the state court," Summy, 234 F.3d at 133, nor eclipses the "'considerations of practicality and wise judicial administration'" that the Supreme Court has instructed are the touchstone for proper exercise of jurisdiction in declaratory judgment actions, id. at 136 (quoting Wilton, 515 U.S. at 288), and that the Third Circuit expounded upon in Summy.

### B. The Court Is Entirely Within Its Discretion to Decline to Exercise Jurisdiction Over this Case.

"The central question" facing this Court "is whether the controversy may 'better be settled' in state court." Gula, 84 F. App'x at 174 (quoting United States v. Pa. Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir.1991)). Applying the three factors from Summy, which district courts should consider when performing this inquiry, the dismissal of the Underlying Action is a significant reason to decline jurisdiction, as is the existence of a parallel declaratory judgment action in state court. There being no countervailing "federal interests . . . promoted by deciding this case" in this Court, Summy mandates its dismissal. 234 F.3d at 136.

### V. Conclusion

For the above reasons, the Court declines to exercise its discretionary jurisdiction over Plaintiff's declaratory judgment action and GRANTS Moving Defendants' Motion to Dismiss. An appropriate order follows.

O:\CIVIL 12\12-1536 FIRST MERCURY V. LEGENDS\12CV1536.MEMO RE DECL. J. JURIS..DOCX